UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RYAN-TYRONE MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL,<br><br>    Defendant. | Case No. 24-cv-207<br><br>Removal from Circuit Court Stafford County, Case No.: 179CL2300363200<br><br>DEFENDANT SYNCHRONY BANK S/H/A SYNCHRONY FINANCIAL'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Synchrony Bank s/h/a Synchrony Financial[1] ("Synchrony"), hereby removes the above-captioned matter to this Court from the Circuit Court Stafford County in Virginia, where it is currently pending as Case No. 179CL2300363200, based upon the following:

### I.   BACKGROUND

1. Plaintiff Ryan-Tyrone Morris ("Plaintiff") commenced this action in the Circuit Court Stafford County ("State Court Action"), by filing Notice of Default[2] on October 30, 2023 and an Amended Complaint ("Amended Complaint") on November 6, 2023, a true and correct copy of which is attached hereto as **Exhibits 1 and 2**.

---

[1] The initial filing names defendant as Synchrony Financial, the Amended Complaint changes the caption to name defendant as Brian Wenzel, dba CFO of Synchrony Financial. There is no order amending the caption nor a summons issued to serve Brian Wenzel. The Amended Complaint contains no allegations of personal jurisdiction or grounds to pierce the corporate veil.

[2] The Court file maintained in Stafford County Circuit Court does not contain a Complaint.

2. Pursuant to the attachments to the Notice of Default, the State Court Action appears to arise from a dispute regarding a credit card account . *See* Exhibit 1.

3. The Amended Complaint alleges four causes of action for (1) Breach of Fiduciary Duties, (2) Laundering of Monetary Instruments, (3) Violation of National Banking Act, and (4) Privacy Violation. *See* Exhibit 2 (Amended Complaint, page 2).

4. On January 11, 2024, Synchrony was served with a "Summary Judgment Request". Though Plaintiff has filed the initial filing of a Notice of Default followed by an Amended Complaint, and a Motion to Set Hearing, no summons appears to have been issued and no affidavit of service has been filed.

## II.   REMOVAL TO THIS COURT IS PROPER

1. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

2. Synchrony is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. The Amended Complaint also references 18 USC Section 1956 and the National Banking Act.

4. This Court also has supplemental jurisdiction over the state claims in the Complaint because these claims arise from the same core, operative facts relating to the alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Accordingly, the state law claims are

related to the federal question claims, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

5. Accordingly, had the Complaint been brought in the United States District Court for the Eastern District of Virginia in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

6. Alternatively, Synchrony is removing this matter on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

7. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists in this case because it is between citizens of different states, and the amount in controversy exceeds $75,000.

8. There is diversity because Plaintiff and Defendant are citizens of different states:

   a. Plaintiff resides in Virginia. *See* Exhibit 1 (Notice of Default exhibits containing correspondence between Plaintiff and Synchrony showing an address for Plaintiff in Stafford Virginia).

   b. Synchrony is a national bank and has its principal place of business in Draper, Utah. Therefore, Synchrony is a citizen of Utah for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Synchrony is not a citizen of Virginia. *See* 28 U.S.C. §§ 1332, 1441(b).

9. The Circuit Court Stafford County is located within the United States District Court for the Eastern District of Virginia. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. REMOVAL TO THIS COURT MEETS PROCEDURAL REQUIREMENTS

1. **Removal Is Timely.** Synchrony became aware of the pending action on January 15, 2024, and, therefore, this Notice of Removal is timely in that it is filed within thirty days after Synchrony became aware of the existence of the action via receipt of service of the "Summary Judgment Request" though to date it has not been served with the Summons or the initial pleading setting forth the removable claim. *See* 28 U.S.C. § 1446(b).

2. **Notice.** Synchrony will promptly serve Plaintiff and file with this Court its Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Synchrony will also promptly file with the Clerk of the Circuit Court Stafford County, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

3. **Bond and Verification.** Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

4. **Signature.** This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

5. **No Waiver of Defenses.** Synchrony has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

6. **Pleadings and Process Have Been Provided.** Pursuant to 28 U.S.C. § 1446(a), Synchrony has attached a copy of the docket from the State Court Action. Synchrony will

supplement this Removal with remaining pleadings and orders filed with the State Court in the State Court Action, if any, as soon as they are received.

7. **This Is the Only Request for Removal.** Synchrony has not made a previous application for the relief requested herein.

WHEREFORE, Synchrony respectfully requests this case be removed from the Circuit Court Stafford County to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

DATED this the 12th day of February, 2024.

/s/ Amy Secter
Amy Secter (Bar No. 77519)
Email:   asecter@reedsmith.com
REED SMITH LLP
RIVERFRONT PLAZA - WEST TOWER
901 EAST BYRD STREET, SUITE 1900
RICHMOND, VA  23219-4068
TELEPHONE:  +1 804 344 3487
FACSIMILE:  +1 804 344 3410
*Counsel for Defendant Synchrony Bank s/h/a Synchrony Financial*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2024, a true and correct copy of the foregoing was served via overnight mail to:

Ryan-Tyrone Morris
33 Woodstream Blvd.
Stafford, VA 22556
443-314-1216
Ryan86Morris@gmail.com

*/s/ Amy Secter*
Amy Secter
*Attorney for Synchrony Bank*